```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
           - against -                                      :      16-CR-851 (VSB)
                                                            :
                                                            :      OPINION & ORDER
TYREL FUENTES,                                              :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Defendant Tyrel Fuentes ("Fuentes") moves this court to terminate his five-year term of supervised release pursuant to 18 U.S.C. § 3564. Because of (1) Fuentes's exemplary adjustment to returning to society, (2) Fuentes's adherence to the terms of his supervised release, and (3) considering the § 3553(a) factors, Fuentes's motion is GRANTED.

      **I.**      **<u>Background and Procedural History</u>**

      On January 11, 2018, Fuentes pleaded guilty to one count of conspiracy to commit wire fraud. (Doc. 166, Plea Transcript.) On June 8, 2018, I sentenced Fuentes to a five-year term of supervised release, a $100 assessment, and $17,414 in restitution to Amtrak. (Doc. 233, Judgment Order). I also imposed conditions, including that Fuentes (1) provide the probation officer with access to any requested financial information, (2) not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with his installment payment schedule, and (3) perform community service at a rate of at least 60 hours per year for each of the five years of probation for a total of 300 hours. (*Id.*) In May 2020, Fuentes requested early termination of his supervised release term. (Doc. 294.)

The Government opposed the request because Fuentes had outstanding restitution payments. (Doc. 295.) I denied the motion. (Doc. 296.)

Fuentes has now served more than four years of his five-year term of supervised release. (Fuentes Req. 1.)[1] His supervised release term is set to expire on June 8, 2023. (*Id.*) On August 24, 2022, Fuentes filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3564(c). (Fuentes Req. 1.) The Government did not file any opposition. Fuentes has no new arrests, has fulfilled his restitution requirement, and fulfilled his community service requirement. (*Id.* at 2.)

## II.     Legal Standards

Pursuant to Title 18 Section 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). Federal Rule of Criminal Procedure 32.1(c) provides that a court need not hold a hearing when modifying a term of supervised release if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and . . . an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2)(B)–(C).

---

[1] "Fuentes Req." refers to the motion for early termination of supervised release filed by Fuentes on August 24, 2022. (Doc. 326.)

### III.  Discussion

"The § 3553(a) factors require me 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Erskine*, No. 05 Cr. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  I remain mindful "that supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *Id.* (internal quotation marks omitted).  Ultimately, the decision whether to grant early termination rests in my discretion. *Id.* at *2.

Fuentes has served more than four years of his five-year term of supervised release.  Throughout his supervised release, Fuentes has been compliant with all of his conditions of supervision.  (Fuentes Req. 1–2.)  Fuentes has demonstrated "exceptionally good behavior," *Lussier*, 104 F.3d at 36, and has taken steps to reintegrate himself into the community by maintaining stable employment, completing his restitution, and becoming involved in multiple mentorship opportunities, *see Erskine*, 2021 WL 861270, at *2 (granting early termination request where defendant was "fully compliant with the terms of his supervision" and "ha[d] taken considerable strides in reintegrating into his community through employment and service to his family.").  Fuentes's probation officer, USPO Danielo, advised that Fuentes maintained total compliance with all conditions of his supervision and the Government did not oppose his renewed application.  (Fuentes Req. 1–2); *see United States v. Callahan*, No. 08 CR. 349 (JGK), 2018 WL 2947968, at *1 (S.D.N.Y. June 1, 2018) (granting early termination request where 66-year-old defendant "ha[d] made substantial strides toward rehabilitation," including finding "stable housing and . . . achiev[ing] a substantial period of sobriety," probation did not believe further supervision was necessary, and the Government did not object).  After considering

Fuentes's conduct during his term of supervised release, as well as the § 3553(a) factors, I find that supervision is no longer necessary for Fuentes.

### IV. Conclusion

Fuentes's motion for early termination of his term of supervised release is GRANTED. The Clerk of Court is respectfully directed to terminate the gavel at Doc. 326 and to mail this Order to Fuentes.

SO ORDERED.

Dated: January 19, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge